**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| EDSHERA TILLERY,<br>Plaintiff,<br>v.<br>LAUREN CRUMP, *et al.*,<br>Defendants. | CIVIL ACTION<br>NO. 1:24-cv-03875-JPB-RGV |

**MAGISTRATE JUDGE'S FINAL**
**REPORT, RECOMMENDATION, AND ORDER**

On August 29, 2024, Edshera Tillery ("Tillery"), proceeding *pro se*, sought to file this civil action against Lauren Crump ("Crump"), Luca Moroni ("Moroni"), and SCM Group North America ("SCM"), without prepayment of fees and costs or security therefor, pursuant to 28 U.S.C. § 1915(a). See [Docs. 1 & 1-1].[1] On September 24, 2024, the Court granted Tillery's request to proceed *in forma pauperis* but ordered her to file an amended complaint within fourteen days to address the deficiencies noted within that Order, including by setting forth sufficient allegations to state a plausible claim under the Federal Rules of Civil Procedure. See [Doc. 2]. The Court also cautioned her that "failure to comply with any of the

[1] The listed document and page number in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

instructions within [the] Order and failure to timely file the amended complaint [would] result in a recommendation that this action be dismissed." [Id. at 9]. Tillery timely filed an amended complaint on September 26, 2024, [Doc. 4], and on October 11, 2024, Andrea Symone ("Symone") filed a motion seeking to add herself as a plaintiff in this case, see [Doc. 5].[2] For the reasons that follow, Symone's motion, [Doc. 5], is **DENIED**, and it is **RECOMMENDED** that Tillery's amended complaint, [Doc. 4], be **DISMISSED WITHOUT PREJUDICE**.

A complaint is frivolous if "it lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), or "if the 'plaintiff's realistic chances of ultimate success are slight,'" Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam)). Under 28 U.S.C. § 1915(e), the Court must dismiss the case if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim

[2] Although Symone filed a motion to add herself as a plaintiff in this case, [Doc. 5], she has not signed the amended complaint, paid the filing fee, or submitted an affidavit of indigency. "Although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis*, each plaintiff must qualify for [*in forma pauperis*] status." Curry v. Ocwen Loan Servicing, LLC, CIVIL ACTION FILE NO. 1:17-cv-04450-WSD-AJB, 2017 WL 10671174, at *2 (N.D. Ga. Nov. 27, 2017) (citations omitted). Thus, Symone must complete and sign her own *in forma pauperis* application. Almeida v. Crown Worldwide Moving & Storage, CV416-185, 2016 WL 6582991, at *1 n.1 (S.D. Ga. Nov. 4, 2016). "Since [Tillery] signed the [c]omplaint and moved to proceed *in forma pauperis* the Court considers [her] the sole plaintiff." Id.

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Neitzke, 490 U.S. at 327; Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted). "Unsupported conclusory factual allegations [] may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK, 2008 WL 1994976, at *4 (M.D. Fla. May 8, 2008), adopted at *2.

Moreover, in order to state a claim on which relief can be granted, Tillery's allegations must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides in relevant part: "A pleading . . . must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint should not consist of vague and conclusory allegations, but must clearly state a cause of action. See Ransom v. Colonial Counseling Assocs., No. 6:08-cv-2056-Orl-31KRS, 2009 WL 88490, at *2 (M.D. Fla. Jan. 12, 2009), adopted at *1. Tillery must clearly state what rights under the Constitution, laws, or treaties of the United States have been violated and how they support the allegations set forth in the complaint. See 28

U.S.C. § 1331. However, because Tillery is proceeding *pro se*, her "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), abrogated on other grounds as recognized in Sconiers v. Lockhart, 946 F.3d 1256, 1259-60 (11th Cir. 2020) (citation and internal marks omitted).[3]

In her amended complaint, Tillery seeks to bring claims of discrimination based on her race, as well as harassment and retaliation, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e et seq. [Doc. 4 at 1-2, 6-8].[4] Specifically, Tillery alleges that during her employment with SCM, Crump, the Controller at SCM, insisted Tillery participate in a campaign to

---

[3] Although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citation omitted), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008) (citations omitted).

[4] Tillery has not listed Crump or Moroni under the "Defendant(s)" section of her form complaint, see [Doc. 4 at 3], but Crump and Moroni are still named as defendants in the caption of the amended complaint, see [id. at 1]. As explained in the Court's September 24, 2024, Order, "Title VII does not authorize an employment discrimination action against individual defendants," and therefore, "Tillery has failed to state a plausible Title VII claim against Crump and Moroni individually." [Doc. 2 at 6 (citation omitted) (citing Knight v. United Parcel Serv., CIVIL CASE NO. 1:17-cv-00734-ODE-RGV, 2017 WL 1407666, at *1 n.2 (N.D. Ga. Mar. 24, 2017) (citation omitted), adopted by 2017 WL 1404560, at *1 (N.D. Ga. Apr. 19, 2017))].

"sabotage" two of Tillery's coworkers by lying about their work ethic and performance "with an ending goal to [t]erminate [them] wrongfully," and Crump allegedly threatened Tillery's employment if she did not comply. [Id. at 7]. Tillery contends that she "verbally discussed" Crump's threats with Human Resources and the Chief Financial Officer of SCM, in addition to informing them that she received certain "racial [and] sexual slurs." [Id. at 6-7]. Tillery asserts that as a result of her opposition to Crump's threats, Crump "retaliated against [her] at work, harassed [her and her] staff, sabotage[d] work performance[,] . . . and refused to continue training [her,]" which ultimately prohibited her "personal work performance[.]" [Id. at 7]. Tillery contends that on August 22, 2024, she spoke with the Director of Human Resources about Crump's actions and was instructed to "resubject [her]self again to [] Crump['s] retaliation [and] harassment despite [her] pleas to help stop [] Crump from violating [] discrimination laws," though "it was agreed to allow [her] . . . the opportunity to provide 'hardcore proof' of said allegations on [August 26, 2024]," but when the day arrived, she was "denied the opportunity to provide 'hardcore' proof and later that day [she was] wrongfully terminated." [Id. at 7-8].

"Before filing suit under Title VII . . ., a plaintiff must exhaust the available administrative remedies by filing a charge with the [Equal Employment Opportunity Commission ('EEOC')]." Anderson v. Embarq/Sprint, 379 F. App'x

924, 926 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Francois v. Miami Dade Cnty., Port of Miami, 432 F. App'x 819, 821 (11th Cir. 2011) (per curiam) (unpublished); Poulsen v. Publix Super Markets, Inc., 302 F. App'x 906, 907 (11th Cir. 2008) (per curiam) (unpublished). That is, "[b]efore [Tillery] can file an employment discrimination suit under Title VII . . ., [s]he must exhaust all administrative prerequisites, including receiving statutory notice of [her] right to sue from the [EEOC]." Bynum v. DeKalb Cnty. Sanitation, CIVIL ACTION FILE NO. 1:16-cv-04151-MHC-AJB, 2017 WL 4423412, at *2 (N.D. Ga. Feb. 24, 2017) (footnote and citations omitted), adopted by 2017 WL 4456899, at *2 (N.D. Ga. Mar. 14, 2017). However, in her amended complaint, Tillery asserts that she has not received a Notice of Right-to-Sue letter from the EEOC. See [Doc. 1-1 at 4]. Thus, it "appears that [Tillery] has failed to exhaust [her] administrative remedies as required under Title VII and [this claim] is subject to dismissal on that ground." Fareed v. U.S. Sec. Ass'n, Inc., Civil Action No. 1:12–CV–1794–RWS, 2012 WL 1939731, at *1 (N.D. Ga. May 29, 2012); see also Odoms v. Pathfinder Inspections Field Servs., LLC, Case No. 1:21-cv-009, 2021 WL 5371560, at *5 (D.N.D. July 1, 2021) (citations omitted) ("As a right-to-sue letter is required in order to initiate a Title VII claim and [plaintiff] has not provided a copy of one much less alleged that he has received one or otherwise confirmed the existence and/or status of EEOC with respect to the offense conduct, he cannot proceed with his Title VII

claim."); Toomer v. Ricketts, CV419-039, 2019 WL 4166783, at *2 & n.5 (S.D. Ga. Aug. 30, 2019) (citation omitted) (explaining that "[t]hough not a jurisdictional requirement, receipt of a right-to-sue-letter [was] a condition precedent to filing a claim with the Court" and requiring *pro se* plaintiff to allege that he either received a right to sue letter or attach a copy of that letter to show he exhausted his administrative remedies and that his claim was not frivolous under § 1915(e)).

For the foregoing reasons, Symone's motion, [Doc. 5], is **DENIED**, and it is **RECOMMENDED** that Tillery's amended complaint, [Doc. 4], be **DISMISSED WITHOUT PREJUDICE** for failure to state any plausible claim under the Federal Rules of Civil Procedure.

The Clerk is **DIRECTED** to terminate this reference.

**IT IS SO ORDERED, RECOMMENDED,** and **DIRECTED,** this 29th day of October, 2024.

Russell G. Vineyard

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE